Hey, Pleasers Court. My name is Michael Kars and I represent Kenneth Actuca in this appeal. What we are asking is whether or not the Washington State statutory scheme for indeterminate sentencing does provide a liberty interest. And I wish to make an important point to start. The issue here is about finality. The criminal justice system has a beginning with an information, a trial, a plea, whatever, a sentence, an end of sentence. And this is borne out by the Washington statute 995-010. And that what the question is, is at the end of the sentence, the maximum term put forward, is Mr. Actuca entitled to a certificate of discharge? And what we are saying is that according to the Washington statute, it does clearly establish this right, and under due process, therefore, it attaches, and he is entitled. What's the constitutional claim is? The constitutional claim is that the... Due process? It is a due process claim, yes, Your Honor. And where was that raised? That was raised throughout. As a due process claim? Yes, as I read the record, everywhere he's raised a due process claim. In the state court proceeds, is there any citation to the federal constitution or to any federal cases? Actually, Your Honor, because the certificate of appealability did not address this issue, I did not brief it. It was the exhaustion issue was what I'm understanding this court is asking was not raised, except as an argument on reply from appellants or appellees. So I did not look specifically for tracking whether or not this case did raise that issue. You're aware of our Lyon case?  So very cognizant of them. I argued an exhaustion case in this court approximately three months ago, and that if this court wanted further briefing on this issue, although I would argue that having not raised it in this court in their brief, except as a mention, therefore it would not be appropriate to raise it at this point, that we should go forward with the issue at hand. Now, as regards to, though, but that's basically what it is. I mean, we're basically, the issue is Board of Pardons v. Allen and Olin v. Wakanakaona, wherein if a statutory scheme or a procedural scheme raises an expectation that there would be an effect, then you have a due process right. And this is actually admitted by the Washington State Court of Appeals in their decision. Clearly saying that if the statutory scheme did give him the right to the certificate of discharge, it would invoke due process in the liberty interest. And so having said that, I remind the court that the statutes invoked, namely 995-100, initially addresses a single conviction. This is the point that I think is critical to understanding this case, is that our criminal justice system deals with convictions. You get a judgment and sentence. You serve your time. You maximize at some point in time. Everything is done through a conviction and the paperwork that accompanies it. And what happened in 1980, as shown by the record, is that the legislature wanted to make sure that the parole board, now the ISRB, understood that they had jurisdiction to issue the certificate of discharge on that particular on the particular conviction. And so they gave jurisdiction strictly for that purpose. And this is borne out by the clear language in both the preamble to the statute when it was provided or passed and the language within the statute itself. And I quote, there's one such, where no such order of discharge shall be made in any case with a period less than a year, except where the parolee's maximum statutory sentence expires earlier. This goes with the concept that if you do the time, at some point in time, the maximum sentence has expired and you, on that particular sentence alone, are entitled to the certificate of discharge on the sentence. Now, the state supreme court, in talking about due process, and this whole issue, failed in its application of law to define, properly define and understand the words custody, which were set forth in 995.100. Let me just ask a procedural question. I think you answered on exhaustion, but since the state courts are the arbiters of state law, what do we do with the Washington Court of Appeals statement that neither statute, and then they quote the numbers, creates a liberty interest for Mr. Attuka? Basically, their interpretation of how these statutes work is either slightly at odds with the one you want us to adopt, or at least if it's the same, they've concluded that the statutes as they actually work don't create a liberty interest. I understand. And so, you know, it's not a mandatory thing that occurs here. How would we, in the context of habeas law, rewrite the Washington Supreme Court's conclusion and still be consistent with our case law on habeas? When you say it's not a mandatory, could I ask what you mean by that? Under these circumstances, it doesn't seem to be a liberty interest, as the state court says. My question is to you, if you had to write a sentence that we would write that would be consistent with our law and would deal with the Washington Court of Appeals case, what would be that holding? Well, I think it would be that if I was to write a sentence, but I would write a sentence to something to the effect of the ADPA requires us to look at the state court's application of federal constitutional law, no matter in what context, and if a federal constitutional issue has been fairly raised and, therefore, determine whether or not it is contrary to or an unreasonable application of Supreme Court law. And that is what we have here, because they have made three issues clearly as denoted both by the case, by the citing to the record by the appellees, and I was going to address those in that. They said that they failed to define state discharge, and they use the dictionary discharge, but I'm saying .100 defined discharge as from the conviction. So, therefore, that was a mistake. And that mistake then leads into the procedural issue of, well, if that's the case, am I entitled to a certificate of discharge upon maximum sentence? Now, the second mistake that the state court made on due process is that they said failed to issue a certificate, but I say the clear language both of the legislative intent behind the statute and the statute itself, if you parse it carefully, shows that there was such a requirement. It says, you know, they were given specifically. See, that's a state law. That issue, mistake number two is only a state law mistake, right? Because it's the clear language of the statute. It's not a federal constitutional law. Well, except for the fact that if you go through the federal cases that say that state laws, and I understand this is a complex area, but state laws and state procedural rules can invoke a liberty interest, then at some point in time, the federal courts have to parse the language to understand the nature of the federal issue raised. So, I understand exactly what this court is striving at, but I would respectfully submit that that in and of itself is one of the difficulties that the federal courts are always faced with when dealing with rights under due process. Do you understand the two statutes to be in conflict? Do I understand? 95-100, 96-05-0. No, not if you take the interpretation. I know that I'm running into my last minute, but I want to answer the question if I may. I would say no. And the reason is, is because it is part of a consistent scheme. And this is the mistake that it makes under the due process requirements that we're saying are under the umbrella of the federal constitution, is that the scheme is that everything tracks on a conviction. Everything. Such that a maximum sentence is for the conviction. The certificate of discharge is for the conviction. Everything is consistent as to that. And that's the argument that we have put forward in part in a brief. Thank you. May it please the court, my name is Donna Mullen. I'm an assistant attorney general representing the respondent in this habeas corpus case. The Washington courts determined that under RCW 9.95060, excuse me, 96050, the ISRB, the Indeterminate Sentence Review Board, has discretionary authority to issue a final discharge certificate to offenders who have been incarcerated past their maximum expiration date of sentence. That determination is binding on this court. Because the authority is discretionary, the IRB is not required to issue a final discharge at any particular time. And there is no liberty interest. Because there is no liberty interest, there is no federal constitutional violation. How do you square that with 95100? Well, he argues that, the petitioner argues that 9.95100 creates a liberty interest. And the basis of his argument apparently is the language is the same. 9.95100 talks about a final discharge. The final discharge statute talks about a final discharge. But it's really a restoration of civil rights. The statute 9.95100 was actually passed in 1955, Chapter 133, Section 11, which is over six years before the final discharge certificate statute, which is 9.96050, which was passed in 1961. So it was even five years before the statute was even passed. There's no connection between the two statutes except for the use of the same language. And so I totally disagree. Using the same language is pretty significant, though, isn't it? Well, I think in this case it's confusing. Because the assumption is that the final discharge from a sentence is the same and requires a final certificate of discharge, which is a restoration of civil rights. That is not true in Washington. That's what the Washington courts have determined. That's not true in many other states either. So I disagree with Petitioner's argument. Have the Washington courts actually decided between rationalizing the two sections that are here in question? That's correct, Your Honor. The Washington Court of Appeals opinion discussed in the 9.95100 that there was no liberty interest raised by that statute nor the final discharge statute. We don't have a Supreme Court decision. Well, the Supreme Court decision was just a denial of review with no comment. However, the assumption is that they agreed with the Washington Court of Appeals. The language of RCW 9.96050 does not create a liberty interest. Just so I understand, Washington law, is that true, what you just said about refusing to review is the same as a decision of the Supreme Court of Washington, that that is the case, that they're agreeing with the Court of Appeals? Or is it like certiorari to the United States Supreme Court? Well, it's more like they're not going to look at it. They decided they're not going to look at that question. There's no substantive conclusion to be drawn from the failure to take review of a case by the Washington Supreme Court, is my understanding. But we're required to look back to the last reasoned decision of a court. And so the only one we have is the Washington Court of Appeals. That's correct, Your Honor. The Superior Court and the Washington Court of Appeals agreed that the authority was discretionary. There is no mandatory language in that statute at all. The statute reads, the Board retains the jurisdiction to issue a certificate of discharge after the expiration of the prisoner's or parolee's maximum sentence. There is no direction to the Indeterminate Sentence Review Board to give a final certificate of discharge, and there's no requirement for them to do so. Because there's no requirement, the authority is discretionary, and there is no liberty interest. The Washington State Court's interpretation of the statute is entitled to deference and is binding on this Court. It is not the function of the federal courts to reexamine a state court determination of state law. Would you touch briefly on the waiver of the exhaustion issue on that? Your Honor, it's my understanding that there is no waiver of legal issues in terms of the report and recommendation, not objecting the report and recommendation. In fact, Mr. Aktuka did not exhaust his claim on a federal constitutional basis to the Washington Court of Appeals. He presented the case solely as a state law issue and as a violation of the state constitution. If you carefully read the report and recommendation, the magistrate judge indicated in each of the sections of review that the issue was presented solely as a state law issue. The respondent in the case argued that despite the fact that the issue was not exhausted, that the court could consider it because it was without merit and was a state law issue. How did you handle that issue in your briefing? In the briefing to the district court. No, the briefing to us. Oh, the issue wasn't raised to the Ninth Circuit, Your Honor, about exhaustion. The only issue that was raised for review by this court was the issue of whether or not there was a federal constitutional violation. Petitioner also argues that the legislative intent of the 1980 amendments, Substitute House Bill 19, to the final discharge statute indicates that the board was supposed to issue a certificate of final discharge upon completion of a maximum sentence. However, this court should carefully compare Excerpts of Record 132 and the language of the statute Excerpt of Record 119. In the bill itself, they had language, if a certificate of discharge has not been previously issued, the civil rights of the prisoner or parolee shall be deemed restored by the expiration of the prisoner's or parolee's maximum statutory sentence. That's the argument that petitioner is making. However, it's very important for this court to note that that language never made it to the final bill. That language was dropped. So, petitioner's argument, especially in terms of the statutory intent, is not really supported. Are there any further questions? Neither RCW 9.95-100 nor RCW 9.96050 create a liberty interest. Therefore, there's no federal constitutional violation. And the respondent requests his court to dismiss the petition with prejudice. Thank you. I'm going to talk very fast for one minute. Okay, real quick. Page 5, line 17, the report recommendation references the Fifth and Fourteenth Amendments of the U.S. Constitution. I did find that. Okay. Secondly, due process. Regarding state law cases, the thing is, is the question the court has to ask is, is it a good due process argument? And, therefore, then the court goes forth. And, therefore, that's talked about in some of the cases cited by appellant. And I guess that's about it, unless I have one chance for one more statement. You can make one more statement. All right, thank you. Just on the statute itself, on the discretionary versus non-discretionary, I wish to bring up the point that after the language regarding retaining the jurisdiction, it says, provided that no such order of discharge shall be made in any case within a period of less than one year from the day in which the conditionally discharged, et cetera, except where the parolee's maximum sentence expires earlier. It doesn't explicitly say shall, but it certainly explicitly lays out the process. Thank you. Thank you. The case of Etuka v. Dale is submitted.
judges: Hug, B Fletcher, McKeown